# United States Bankruptcy Court
## Northern District of California

In re Mora House One, LLC ,   Case No. 22-50917
       Debtor

Small Business Case under Chapter 11

### MORA HOUSE ONE, LLC'S PLAN OF REORGANIZATION, 'DATED FGEGO DGT'5, 2022

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of MORA HOUSE ONE, LLC (the "Debtor") from the sale of Debtor's real property / sole asset.

This Plan provides for 3 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders.  Unsecured creditors holding allowed claims will receive distributions which the Proponent of this Plan has valued at 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full upon the sale of Debtor's real property / sole asset.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.  All allowed claims entitled to priority under § 507 of the Code except administrative expense claims under § 507(a)(2), and "gap" period claims in an involuntary case under § 507(a)(3).

2.02    Class 2.  The claim of  *see below*   to the extent allowed as a secured claim under § 506 of the Code.

| | |
|---|---|
| Class 2A | Okoa Capital, LLC |
| Class 2B | Mason Brustchy |
| Class 2C | Santa Clara County Tax Assessor's Office |

2.03    <u>Class 3</u>. All unsecured claims allowed under § 502 of the Code.

2.04    <u>Class 4</u>. Equity interests of the Debtor

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code [, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid **in full upon the sale of the Property.**
**And unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief**

3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE
IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| | | |
|---|---|---|
| Class 2A - Okoa Capital, LLC (secured by 10718 Mora Dr., Los Altos, CA 94024) | Impaired | Debtor will sell the collateral by April 7, 2023, paying off this claim from the proceeds of the sale. Debtor will file a motion for approval of any such sale on 28-days' notice to lien holders. |
| Class 2B - Mason Brustchy(secured by 10718 Mora Dr., Los Altos, CA 94024 | Impaired | Debtor will sell the collateral by April 7, 2023, paying off this claim from the proceeds of the sale. Debtor will file a motion for approval of any such sale on 28-days' notice to lien holders. |
| Class 2C - Santa Clara County Property Tax Assessor's Office | Impaired | Debtor will sell the collateral by April 7, 2023, paying off this claim from the proceeds of the sale. Debtor will |

| | | file a motion for approval of any such sale on 28-days' notice to lien holders. |
|---|---|---|
| Class 3 – General Unsecured Creditors<br>1. Simon Yiu ($860,000)<br>2. Melvin Vaughn ($500,000)<br>3. Melvin Vaughn ($13,738.00)<br>4. FTB ($398.00) | Impaired | Class 3 shall be paid in full upon sale of property. |
| Class 4 – Equity Security Holders of the Debtor | Unimpaired | Class 4 shall be entitled to the net funds after sale of the subject property and after ordinary and necessary expenses and plan payments. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

**N/A**

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**N/A**

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the    **NONE**

      (b)     The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the [Insert "effective date of this Plan," "the date of the entry of the order confirming this Plan," or other applicable date].  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than _____ (\_\_\_) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

      Debtor will sell sole, real property asset by April 7, 2023, paying off all claims in the case from the proceeds of the sale. Debtor will file a motion for approval of any such sale on 28-days' notice to lien holders. Unless the court orders otherwise, a lienholder whose lien is not in bona fide dispute may credit bid the amount of its lien at the sale. Any deficiency claim is a general unsecured claim treated in Part 2.

## ARTICLE VIII
## GENERAL PROVISIONS

      8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

      8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

      8.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

      8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      [8.06    Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

      [8.07    Corporate Governance.   [If the Debtor is a corporation include provisions

required by § 1123(a)(6) of the Code.]]

### ARTICLE IX
### NO DISCHARGE OF DEBTOR

**9.01** <u>No Discharge.</u>  In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

### ARTICLE X
### <u>OTHER PROVISIONS</u>

**Risk Factors and Default Provisions.** Debtor's Manager resides in Los Altos Hills, California next to the Property and is managing the Property almost daily to ensure its safety / preservation. The Debtor wants nothing more than to sell the Property as he is owed money (personal money that he saved) by the Debtor and also dedicated a significant amount of time, energy, and effort in developing this "estate" for sale. The Debtor understands that this his last opportunity to sell and pay off the creditors listed above and walk with a likely decent profit and so he's working hard towards that goal. Creditors should take this into account as they are voting on the proposed Plan. As for risks, there are always risks in "sale plans" but if the Property's list price is reduced, it's more than likely that it will sell. Only recently two other similar estates sold for above $20,000,000.00 and this large estate market ~~is not affected by the Federal interest rates as the~~ buyers generally offer cash / no financing. Upon Debtor's default in not selling the Property / failing to sell in making any payments required by the Plan of Reorganization (if any), the Creditor must serve written notice of default to Debtor and Debtor's attorney. If Debtor fails to cure the default within ten (10) days after mailing such notice, Creditor may proceed without further order of the Court with its state law remedies.

_____

Dated: **January 30, 2023**

Respectfully submitted,

By:   */s/ Melvin Vaughn*

Melvin Vaughn,
Managing Member of Mora House One, LLC
The Plan Proponent

By:   */s/ Arasto Farsad*

Arasto Farsad
Attorneys for the Plan Proponent