ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Emails: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor /
debtor-in-possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

MORA HOUSE ONE, LLC,

　　　　　Debtor/ debtor-in-possession.

Case No.: 22-50917 SLJ
Chapter 11

**DECLARATION OF DEBTOR'S MANAGING MEMBER IN SUPPORT OF CHAPTER 11 PLAN CONFIRMATION; CERTIFICATE OF SERVICE**

Date: March 2, 2023
Time: 1:30 p.m.
Place: **\*\*Hearing to be conducted by Telephone or Video Conference**

**Chief Judge: Honorable Stephen L. Johnson**

　　　　TO THE HONORABLE CHIEF JUDGE STEPHEN L. JOHNSON, THE UNITED STATES TRUSTEE'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:

　　　　I, <u>MELVIN VAUGHN,</u> am the Managing Member for the Debtor in the above referenced case. I have personal knowledge of the information contained herein and if called upon to testify, I could and would do so competently. I hereby declare as follows:

1
DECLARATION OF DEBTOR IN SUPPORT OF CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION; CERTIFICATE OF SERVICE

1. On October 7, 2022, I filed the instant case to stop the attempted foreclosure of the real property located at 10718 Mora Drive, Los Altos, CA 94024 ("Property") by the Debtor's senior mortgage holder. The Debtor had previously filed a Chapter 11 under FRE 355 Investment Group, LLC (case number 20-50628) on April 13, 2020 that was consolidated with case number 20-50631, titled In Re Mora House, LLC. It was not successful due to an aggressive predatory first lien creditor.

2. Through my Chapter 11 filing, the Debtor was able to work out very reasonable stipulations with the primary lienholder (Okoa) and my secondary lienholder (Mason B.) as well as the sole / largest general unsecured creditor, Simon Yiu. All have voted in favor of the subject "sale" Plan.

3. As for the claims of any other creditors, the Debtor has proposed to pay them in full upon the sale of the Property-which is currently on the market and has several serious inquiries.

4. The Debtor worked hard to come up with a Plan that is feasible, fair and reasonable to all creditors and it has been a successful Chapter 11 case overall / thus far.

5. The Debtor believes that the Plan as proposed and tentatively approved complies with the Bankruptcy Code and in particular, the Section 1129 requirements.

6. As mentioned above, the funding for the Plan will be derived from the sale of the Property.

7. The Debtor filed the Plan in absolute good faith -- and would not have filed the instant case but for the foreclosure 'drama' that occurred.

8. The Debtor will make ALL payments called for under the Plan if the Plan is confirmed by the Honorable Court.

9. The Debtor does not believe that there will be any further need for reorganization or subsequent liquidation. The Debtor does not want to ever file for bankruptcy relief again.

10. In the documents that the Debtor submitted to the Court and the U.S. Trustee's Office, it have disclosed all of my assets and liabilities, all litigation and pending suits, all income, and the prospects for the continuance of such income.

11. The Plan is fair and equitable to my general unsecured creditors because it proposes that the Debtor pay them <u>100%</u> of their claims.

12. The Debtor acted as a responsible Debtor in Possession by immediately opening up the required debtor-in-possession bank account(s), depositing all income into the accounts, and by having savings on hand for plan distributions. (Note: with regard to the latter two,

unfortunately, as this is a "sale" plan, it wasn't much / any activity). The Debtor also prepared timely monthly operating reports (with its counsel's assistance) in order to save costs that would be incurred from employing an accountant to prepare them.

13. The Debtor understands that any fees to be paid to its counsel needs to be authorized by this Court. Therefore, it will only do so only upon the order of this Court.

14. The Debtor is current on all post-petition taxes (returns as well as amounts owed) and it is also current on any fees owed to the United States Trustee's Office.

15. The Plan is not by any means forbidden by law.

16. The Plan has received no objections and the Debtor as indicated above was able to receive three crucial / the main votes.

17. Therefore, for all of the reasons stated above, the Debtor respectfully requests that the Court confirm the Chapter 11 Plan as proposed. The outcome of the case as it was exactly what was needed to reorganize the Debtor's debt and get its finances back on track.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2023, at Los Altos, California.

/s/ Melvin Vaughn
Melvin Vaughn
Managing Member for the
Debtor-in-possession

CERTIFICATE OF SERVICE
**All CM / ECF registered participants**